PEOPLE *ex rel.* GIBSON *v.* FRENCH *et al.*

(*Supreme Court, General Term, Third Department.* June 19, 1888.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   In proceedings before the police commissioners of New York city to inquire into the conduct of an officer, the officer, by appearing and answering to the charges, waives the objection that they were not sworn to.

2. EVIDENCE—ADMISSION OF HEARSAY—WHEN HARMLESS ERROR.
　　In such a case, where there is sufficient legal evidence to support the charges, the admission of hearsay evidence is harmless error.

On *certiorari* to board of police commissioners.

*Certiorari* brought by William Gibson to review the action of the police commissoners of New York city in removing him from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*H. P. Lawrence*, for appellant.　*David J. Dean*, for respondents.

VAN BRUNT, P. J.　The relator claims a reversal of the proceedings of the police commissioners upon the grounds that the charges were not sworn to, as required by the rules and regulations of the department, and that there was no sufficient evidence to justify the finding against the relator.　In respect to the first ground, it is sufficient to say that, if the relator had taken the objection when called upon to answer the charge that it was not sworn to, this question might have been before us for review; but, by appearing and answering the charge without objection, this informality was clearly waived.　The evidence was more than sufficient to justify the conclusion arrived at by the commissioners.　That the relator was in a condition which justified his removal, unless explained, was amply shown without giving any weight to the hearsay evidence complained of.　The prevarications of the relator in his attempt to explain his condition necessarily lead to the conclusion reached by the commissioners.　He attempted to explain his condition because he had taken gas for the purpose of having some teeth extracted seven days before, and because on the 24th October he had taken 20 grains of quinine, which had been prescribed for him by the doctor on the following day, viz., October 25th.　The mere statement of such an explanation affords sufficient proof of the charge.　If the previous record of the officer had been offered in evidence upon his trial, it might have been considered by the commissioners, as the accused would then have an opportunity for explanation; but, unless so offered, it cannot be considered.　The previous record of an officer would seem to be competent evidence upon which the commissioners might very well have based a judgment as to the severity of the punishment.　What would seem to be a very severe sentence for a first offense would appear to be entirely just if the accused was shown to be an old offender against the discipline of the force. The proceedings of the commissioners should be affirmed, with costs, and the writ dismissed.

BRADY and DANIELS, JJ., concur.